ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JASMEET SINGH, Defendant. | CASE NO. 2:25-CR-0284 TLN<br><br>STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER BETWEEN THE GOVERNMENT AND DEFENDANT REGARDING DISCOVERY |

## I. STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, Adrian T. Kinsella, and defendant Jasmeet Singh, by and through his counsel of record, Dina Santos and John Balasz, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of discovery in this case, including materials containing personal identifying information ("PII") of real persons and other information, as well as confidential information of victims, witnesses, and third parties.

2. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and confidential personal information of others, as well as protect other sensitive information. If this information is disclosed without protective measures, specifically to the defendant without limitation, the government believes it will risk the privacy and security of the people to whom the information relates. The

information could itself be used to further criminal activity if improperly disclosed or used.

3. Accordingly, the government and defendant (collectively the "parties") jointly request a Protective Order that will permit the government to produce discovery to the defendant, but will limit its use and dissemination by the defendant. The same restrictions do not apply to counsel for the defendant.

4. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the defendant and the Defense Team (as defined below in subsection II.B.) to understand the United States' evidence against the defendant.

5. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

6. This Order pertains to all unredacted discovery to be provided or made available to the defendant in this case (hereafter, collectively "Protected Materials"). The government will separately Bates stamp materials to be provided to the defendant, through his counsel, subject to this protective order.

7. For purposes of this Protective Order, the term "Personal Identifying Information" ("PII") includes any name, social security number, date of birth, State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, fingerprint, unique electronic identification number, address or routing code, license plate number, address, vehicle identification number, FBI and CII number and any other similar identifier, and information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

### B. Defense Team

8. For purposes of this Order, the term "Defense Counsel" refers to a defendant's counsel of record.

9. For purposes of this Order, the term "Defense Team" refers to (1) a defendant's

counsel of record, (2) other attorneys at that defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting a defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to a defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include the defendant, any of defendant's family, or other associates of any defendant.

10. Defense Counsel must provide a copy of this Order to all members of the Defense Team, prior to providing any Protected Materials to the members of the Defense Team. As to any members of the defense team that are not employed in the same office as defense counsel, such as retained or potential experts, Defense Counsel must obtain written acknowledgement from those members of the Defense Team that they are bound by the terms and conditions of this Protective Order. The written acknowledgement must be maintained by defense counsel until final disposition of the case, including exhaustion of direct and collateral appellate proceedings, but need not be disclosed or produced to the United States unless ordered by the Court.

**C. Disclosure of Protected Materials**

11. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever. All Protected Materials shall not be used for the economic or other benefit of the defendant or any third party. Protected Materials may be disclosed only to the categories of persons and/or under the conditions described in this Order.

12. Defendant may receive a copy of the Protected Materials in this case. However, the defendant may not make any additional copies of these materials. The defendant may not share or discuss these Protected Materials, which includes any notes defendant makes from these materials, with anyone other than a member of the Defense Team during the pendency of this case. Defendant may not in any way disseminate the Protective Materials, including but not limited to discussing them to any news outlets, podcast(s), or in any way publish them or portions of their contents.

13. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

14. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, so that the United States may take action to respond to such demands as it may deem appropriate.

**D. Ensuring Security of Protected Materials**

15. The defendant shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

16. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

**E. Conclusion of Prosecution**

17. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained by the defendant shall remain subject to the Protective Order unless and until such Order is modified by the Court.

18. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, the defendant shall return the Protected Materials to the government. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

**F. Modification of Order**

19. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

///

**G. Violation of Order**

20. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**H. Application of Laws**

21. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

22. Nothing in this Order shall be construed to affect the application or and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: July 10, 2026

ERIC GRANT
United States Attorney

By: /s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated: July 10, 2026

By: /s/ DINA SANTOS
DINA SANTOS
Counsel for Defendant
JASMEET SINGH

Dated: July 10, 2026

By: /s/ JOHN BALASZ
JOHN BALASZ
Counsel for Defendant
JASMEET SINGH

**~~[PROPOSED]~~ FINDINGS AND ORDER**

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO ORDERED.

Dated: July 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE