DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160
defense@dinasantos.com

JOHN BALAZS, SBN 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
balazslaw@gmail.com

Attorneys for Defendant
JASMEET SINGH

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JASMEET SINGH<br>Defendant. | Case No.: 25-CR-284 TLN<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date: January 21, 2027<br>Time: 9:30 a.m.<br>Judge: Hon. Nunley |

**STIPULATION**

The United States of America through its undersigned counsel, Adrian Kinsella Assistant United States Attorney, together with Attorneys Dina Santos and John Balazs, counsel for Jasmeet Singh, hereby stipulate the following:

1. The Status Conference was previously set for November 19, 2026. By this stipulation, the parties now move to continue the Status Conference to January 21,

2027, at 9:30 a.m. and to exclude time between November 19, 2026, to January 21, 2027, under the Local Code T-4 (to allow defense counsel time to prepare).

2. The parties agree and stipulate, and request the Court find the following:
   a. A continuance is requested to continue to allow the Defense to continue to meet with the Client, review discovery, conduct investigation, and discuss a potential resolution. The government has produced discovery pursuant to a protective order and Counsel will require additional time to review discovery, conduct investigation and meet with client.
   b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
   c. The Government does not object to the continuance.
   d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.
   e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of November 19, 2026, to January 21, 2027, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATE: November 13, 2026

ERIC GRANT
United States Attorney

/s/ Adrian Kinsella
ADRIAN KINSELLA
Assistant U.S. Attorney

DATE: November 13, 2026

/s/ Dina Santos
DINA SANTOS
Attorney for Jasmeet Singh

DATE: November 13, 2026

/s/ John Balazs
JOHN BALAZS
Attorney for Jasmeet Singh

**ORDER**

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Troy L. Nunley
Chief United States District Judge